# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KENNETH L. GLOVER,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0519** (BOR Appeal No. 2049024)
                    (Claim No. 2012000357)

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kenneth L. Glover, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 2, 2014, in which the Board affirmed a December 2, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 18, 2013, decision which denied a right knee arthroscopy, partial meniscectomy, and chondroplasty. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Glover, a coal miner, was injured in the course of his employment on May 10, 2011, when his foot slid and his right knee twisted. The claim was held compensable for cervical strain and knee sprain. Mr. Glover was treated shortly after the injury by Chris Vasilakis, M.D., for continued knee pain and soreness. Dr. Vasilakis diagnosed early osteoarthritis. Mr. Glover continued to have right knee pain and x-rays taken in November of 2012 showed medial joint space narrowing and small patella femoral osteophytes. Dr. Vasilakis diagnosed moderate osteoarthritis at that time. Shortly thereafter, a right knee MRI revealed a tear of the posterior

1

horn of the medial meniscus, a possible flap tear of the anterior horn and body of the medial meniscus, advanced degenerative changes in the medial compartment, a chronic partial tear of the anterior cruciate ligament, a large joint effusion, and moderate synovitis. Dr. Vasilakis recommended a right knee arthroscopy, partial meniscectomy, and chondroplasty to treat the torn meniscus and degenerative arthritis of the medial compartment.

P. Kent Thrush, M.D., performed an independent medical evaluation on July 6, 2012. Dr. Thrush found that Mr. Glover had evidence of osteoarthritis in his right knee. He noted that Dr. Vasilakis found significant joint space narrowing on June 13, 2011, which does not occur within a month. Dr. Thrush stated that Mr. Glover may have suffered a medial sprain on top of his pre-existing degenerative arthritis. He noted that Mr. Glover did not miss work for the compensable injury and continues to work full-time. He opined that the requested treatment was for arthritis, not the compensable knee sprain.

The claims administrator denied the request for a right knee arthroscopy, partial meniscectomy, and chondroplasty on January 18, 2013. The Office of Judges affirmed the decision in its December 2, 2013, Order. It found that Mr. Glover's assertion that his right knee surgery should be held compensable was hampered by a lack of evidence from Dr. Vasilakis, or any other physician, indicating that the May 10, 2011, injury aggravated a pre-existing medical condition or otherwise caused the problems for which he ultimately had surgery. It was determined that Dr. Vasilakis's medical records consistently refer to Mr. Glover's condition as arthritis or osteoarthritis without mention of the compensable injury. Further, the Office of Judges found that the only evidence submitted regarding the compensable injury shows that the claim was held compensable for a knee sprain, not tears of the meniscus. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 2, 2014.

On appeal, Mr. Glover argues that Dr. Vasilakis's records clearly show that the requested surgery was reasonable to treat the compensable injury and he tried other forms of treatment, including injections, with no results. He further argues that Dr. Thrush's report is unreliable because he stated that an MRI would show degenerative changes even though his opinion was not based on an actual MRI. Eastern Associated Coal, LLC, asserts that there is substantial evidence supporting the Board of Review's decision and no reversible error was committed. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. There is no evidence in the record causally connecting Mr. Glover's compensable knee sprain to his meniscus tears, the condition for which he ultimately underwent surgery. The claim has not been held compensable for meniscus tears, and authorization of the surgery to treat them was therefore properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum